IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISON

| | |
|---|---|
| CHRISTINE ERVIN,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>&<br><br>TRANSUNION, LLC<br><br>&<br><br>EQUIFAX INFORMATION SERVICES, LLC<br><br>Defendants. | **COMPLAINT**<br><br>Case No: 6:23-cv-597<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Christine Ervin, by and through the undersigned counsel, and for her Complaint against Defendants, Experian Information Solutions, Inc. ("Experian"), TransUnion, LLC, and Equifax Information Services, LLC ("Equifax") (and together collectively, "Defendants") for violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), states as follows:

**JURISDICTION**

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d) and 1681(p).

2. Venue is proper because Plaintiff resides here, the acts and transactions occurred here, and Experian, TransUnion, and Equifax transact business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

1

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Alto, a part of Cherokee County, Texas 75925.

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Alto, a part of Cherokee County, Texas 75925, making the Tyler Division a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant TransUnion, a corporation headquartered in Chicago, IL, practices as a debt collector throughout the country, including Alto.

8. Defendant TransUnion serves as a credit reporting agency of consumer credit throughout the state of Texas, including in Alto city and Cherokee County.

9. Defendant TransUnion has actual knowledge of where Plaintiff resided, and by improperly reporting to Plaintiff's credit and providing Plaintiff with such an update, Defendant TransUnion purposefully availed itself to the jurisdiction in which Plaintiff resided.

10. Defendant TransUnion has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Alto city and Cherokee County and Defendant attempts to collect alleged debts throughout the state of Texas.

11. Defendant TransUnion knowingly reported information regarding a Plaintiff domiciled in Alto, and thus has sufficient minimum contacts with this venue, making venue additionally proper under 28 U.S. Code § 1391(b)(2).

12. Defendant Equifax, a corporation headquartered in Atlanta, GA, practices as Credit Reporting Agency throughout the country, including Alto.

13. Defendant Equifax serves as a credit reporting agency of consumer credit throughout the state of Texas, including in Alto city and Cherokee County.

14. Defendant Equifax has actual knowledge of where Plaintiff resided, and by improperly reporting to Plaintiff's credit and providing Plaintiff with such an update, Defendant Equifax purposefully availed itself to the jurisdiction in which Plaintiff resided.

15. Defendant Equifax has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Alto city and Cherokee County and Defendant attempts to collect alleged debts throughout the state of Texas.

16. Defendant Equifax knowingly reported information regarding a Plaintiff domiciled in Alto, and thus has sufficient minimum contacts with this venue, making venue additionally proper under 28 U.S. Code § 1391(b)(2).

17. Defendant Experian, a corporation headquartered in Chicago, IL, practices as a Credit Reporting Agency throughout the country, including Alto.

18. Defendant Experian serves as a credit reporting agency of consumer credit throughout the state of Texas, including in Alto city and Cherokee County.

19. Defendant Experian has actual knowledge of where Plaintiff resided, and by improperly reporting to Plaintiff's credit and providing Plaintiff with such an update, Defendant TransUnion purposefully availed itself to the jurisdiction in which Plaintiff resided.

20. Defendant Experian has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Alto city and Cherokee County and Defendant attempts to collect alleged debts throughout the state of Texas.

21. Defendant Experian knowingly reported information regarding a Plaintiff domiciled in Alto, and thus has sufficient minimum contacts with this venue, making venue additionally proper under 28 U.S. Code § 1391(b)(2).

## STANDING

22. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

23. Defendants' credit reporting and/or failure to properly dispute information violated the FCRA.

24. Plaintiff has thus suffered an injury as a result of Defendants conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

25. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

26. Plaintiff, Christine Ervin (hereafter "Plaintiff"), is a natural person currently residing in Cherokee County, in the state of Texas.

27. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

28. Defendant Experian is a corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626.

29. Defendant Equifax is a corporation with its principal place of business located at 1550 Peachtree St. NE #H-46, Atlanta, GA 30309.

30. Defendant TransUnion is a corporation with its principal place of business located at 555 West Adams Street Chicago, IL 60661.

31. Experian, Equifax, and TransUnion are all a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Experian, Equifax, and TransUnion regularly engage in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## FACTUAL ALLEGATIONS

32. Plaintiff is a natural person allegedly obligated to pay debts asserted to be owed to creditors other than Spring Oaks Capital, LLC ("SOC"), Credence Resource Management, LLC ("CRM"), USCB Corporation ("USBC"), Jefferson Capital Systems, LLC ("JCS"), LVNV Funding, LLC ("LVNV"), and IC System, Inc. "(IC").

33. On a date better known by SOC, CRM, USCB, JCS, LVNV and IC, SOC, CRM, USCB, JCS, LVNV and IC began to attempt to collect an alleged consumer debt from the Plaintiff.

34. That this alleged debt would only have been incurred for a personal line of credit and would have been only for personal or family purposes.

35. That this alleged account would have only been used for personal, family, or household purposes and would thus be a consumer debt.

36. The reporting of the alleged debt contains an inaccurate balance.

37. The reporting of the alleged debt contains an inaccurate status.

38. The reporting of the alleged debt contains inaccurate delinquency information.

39. The reporting of the alleged debt contains inaccurate dispute information.

40. The inaccurate reporting caused Plaintiff to be subjected to higher interest rates on lines of credit.

41. The inaccurate reporting caused Plaintiff to be subjected to a credit denial.

42. That SOC, CRM, USCB, JCS, LVNV and IC were voluntarily reporting the alleged collection account on Plaintiff's credit report with the credit reporting agencies.

43. SOC's, CRM's USCB's, JCS', LVNV's and IC's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt. 15 U.S.C. §§ 1692e, 1692e(8). See Sayles v. Advanced Recovery Systems, Incorporated, 865 F.3d 246, 249 (5th Cir. 2017); Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998) (The plain language of the FDCPA requires debt collectors to communicate the disputed status of a debt if the debt collector knows or should know that the debt is disputed. This standard requires no notification by the consumer but depends on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is required.)

44. On or about 10/13/2022, Plaintiff sent dispute letters to Experian, Equifax, and TransUnion notifying the account with as disputed. **Exhibit A Exhibit B Exhibit C.**

45. These letters provided notice of the inaccurate reporting to Experian, Equifax, and TransUnion.

46. Once Experian, Equifax, and TransUnion received notice of these letters, it was required to provide notice of such disputes and request for re-investigation to the furnisher, in this case SOC, CRM, USCB, JCS, LVNV and IC.

47. Experian, Equifax, and TransUnion received the letters sent by Plaintiff.

48. Upon information and belief, Experian, Equifax, and TransUnion transmitted notice of this dispute to SOC, CRM, USCB, JCS, LVNV and IC via an Automated Credit Dispute Verification form ("ACDV").

49. SOC, CRM, USCB, JCS, LVNV and IC were required to investigate Plaintiff's dispute in full upon receipt of the ACDV, and by extension, notice of the inaccuracy.

50. Alternatively, Experian, Equifax, and TransUnion failed to send notice of the dispute to SOC, CRM, USCB, JCS, LVNV and IC after receiving notice of the dispute from Plaintiff.

51. After receiving this notice, in any subsequent voluntary reporting, SOC, CRM, USCB, JCS, LVNV and IC must then include the dispute notation on said account. 15 U.S.C. §§ 1692e, 1692e(8). See Sayles v. Advanced Recovery Systems, Incorporated, 865 F.3d 246, 249 (5th Cir. 2017); Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998) (The plain language of the FDCPA requires debt collectors to communicate the disputed status of a debt if the debt collector knows or should know that the debt is disputed. This standard requires no notification by the consumer but depends on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is required.)

52. On or about 12/12/2022, Plaintiff received an updated credit file from TransUnion. **Exhibit D.**

53. That the credit report was updated on 12/9/2022 by SOC.

54. That the updated credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by TransUnion, and transmitted to SOC.

55. Alternatively, that the updated credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by TransUnion after TransUnion failed to notify SOC.

56. On or about 12/12/2022, Plaintiff received an updated credit file from Experian. **Exhibit D.**

57. That the credit report was updated on 12/10/2022 by CRM.

58. That the updated credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by Experian, and transmitted to CRM.

59. Alternatively, that the updated 12/12/2022 credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by Experian after Experian failed to notify CRM.

60. On or about 12/12/2022, Plaintiff received an updated credit file from TransUnion. **Exhibit D.**

61. That the credit report was updated on 12/4/2022 by CRM.

62. That the updated credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by TransUnion, and transmitted to CRM.

63. Alternatively, that the updated credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by TransUnion after TransUnion failed to notify CRM.

64. On or about 12/12/2022, Plaintiff received an updated credit file from Experian. **Exhibit D.**

65. That the credit report was updated on 12/11/2022 by IC.

66. That the updated credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by Experian, and transmitted to IC.

67. Alternatively, that the updated 12/12/2022 credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by Experian after Experian failed to notify IC.

68. On or about 12/12/2022, Plaintiff received an updated credit file from Experian. **Exhibit D.**

69. That the credit report was updated on 11/25/2022 by JCS.

70. That the updated credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by Experian, and transmitted to JCS.

71. Alternatively, that the updated 12/12/2022 credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by Experian after Experian failed to notify JCS.

72. On or about 12/12/2022, Plaintiff received an updated credit file from TransUnion. **Exhibit D.**

73. That the credit report was updated on 11/25/2022 by JCS.

74. That the updated credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by TransUnion, and transmitted to JCS.

75. Alternatively, that the updated credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by TransUnion after TransUnion failed to notify JCS.

76. On or about 12/12/2022, Plaintiff received an updated credit file from Experian. **Exhibit D.**

77. That the credit report was updated on 11/29/2022 by USCB.

78. That the updated credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by Experian, and transmitted to USCB.

79. Alternatively, that the updated 12/12/2022 credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by Experian after Experian failed to notify USCB.

80. On or about 12/12/2022, Plaintiff received an updated credit file from TransUnion. **Exhibit D.**

81. That the credit report was updated on 11/29/2022 by USCB.

82. That the updated credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by TransUnion, and transmitted to USCB.

83. Alternatively, that the updated credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by TransUnion after TransUnion failed to notify USCB.

84. On or about 12/12/2022, Plaintiff received an updated credit file from Experian. **Exhibit D.**

85. That the credit report was updated on 12/5/2022 by LVNV.

86. That the updated credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by Experian, and transmitted to LVNV.

87. Alternatively, that the updated 12/12/2022 credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by Experian after Experian failed to notify LVNV.

88. On or about 12/12/2022, Plaintiff received an updated credit file from Equifax. **Exhibit D.**

89. That the credit report was updated on 12/01/2022 by LVNV.

90. That the updated credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by Equifax, and transmitted to LVNV.

91. Alternatively, the updated credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by Equifax after Equifax failed to notify LVNV.

92. That the updated 12/12/2022 credit report did not contain updated marked as disputed information.

93. Upon information and belief, the updated 12/12/2022 credit report contained inaccurate information.

94. SOC, CRM, USCB, JCS, LVNV and IC failed to investigate or otherwise verify Plaintiff's dispute before voluntarily re-reporting the alleged debt.

95. SOC, CRM, USCB, JCS, LVNV and IC must have voluntarily updated the Plaintiff's alleged account by communicating with Experian, Equifax, and TransUnion.

96. That SOC, CRM, USCB, JCS, LVNV and IC furnished information to Experian, Equifax, and TransUnion regarding Plaintiff's account without notifying them the account had been disputed by consumer, even after receiving notice by Experian, Equifax, and TransUnion of the dispute.

97. That SOC, CRM, USCB, JCS, LVNV and IC failed to update the account information and mark the account as disputed on the updated credit report after Plaintiff disputed the account on 10/13/2022 and was given notice of such by Experian, Equifax, and TransUnion.

98. In the alternative, if SOC, CRM, USCB, JCS, LVNV and IC properly updated the account information and marked the account as disputed with Experian, Equifax, and TransUnion after receiving notification of dispute from Plaintiff, then Experian, Equifax, and TransUnion failed to update the account information and mark the account as disputed on the updated 12/26/2022 credit report.

99. Upon information and belief, that SOC, CRM, USCB, JCS, LVNV and IC never properly updated the account information or marked the account as disputed even after receiving information of the dispute from Experian, Equifax, and TransUnion.

100. Alternatively, Experian, Equifax, and TransUnion never updated the account information and marked the account as disputed even after receiving information of the dispute

remark from SOC, CRM, USCB, JCS, LVNV and IC in its subsequent voluntary reporting or via a response to an Automated Credit Dispute Verification ("ACDV") request.

101. All of SOC's, CRM's USCB's, JCS', LVNV's and IC's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

102. All of Defendants' actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

103. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the SOC, CRM, USCB, JCS, LVNV, IC and/or Experian, Equifax, and TransUnion.

104. Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by SOC, CRM, USCB, JCS, LVNV, IC and/or Experian, Equifax, and TransUnion

105. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by SOC, CRM, USCB, JCS, LVNV, IC and/or Experian, Equifax, and TransUnion.

106. Plaintiff has suffered actual harm based on her costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

107. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of SOC, CRM, USCB, JCS, LVNV, IC and/or Experian, Equifax, and TransUnion

108. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

### Count I: Violation Of 15 U.S.C. § 1681e(b) of the FCRA-Reinvestigations of Disputed Information

109. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

110. Experian, Equifax, and TransUnion violated 15 U.S.C. 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

111. As a result of this conduct, action and inaction of Experian, Equifax, and TransUnion, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

112. Experian, Equifax, and TransUnion's conduct, action, and inaction was willful, rendering it liable for punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

113. The Plaintiff is entitled to recovery costs and attorney's fees from Experian, Equifax, and TransUnion in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Christine Ervin, Prays that this Court:

A. Declare that Experian, Equifax, and TransUnion's credit reporting actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Christine Ervin, and against Experian, Equifax, and TransUnion, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. Or, in the alternative, enter judgment in favor of Plaintiff Christine Ervin, and against Experian, Equifax, and TransUnion, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D. Grant other such further relief as deemed just and proper.

### Count V: Violation Of 15 U.S.C. § 1681i of the FCRA-Reinvestigations of Disputed Information

114. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

115. Defendants Experian, Equifax, and TransUnion violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to SOC, CRM, USCB, JCS, LVNV and IC; by failing to maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

116. As a result of this conduct, action and inaction of Experian, Equifax, and TransUnion, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

117. Experian, Equifax, and TransUnion 's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recovery actual damages under 15 U.S.C. § 1681o.

118. The Plaintiff is entitled to recovery costs and attorney's fees from Experian, Equifax, and TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Christine Ervin Prays that this Court:

    A. Declare that Experian, Equifax, and TransUnion 's credit reporting actions violate the FCRA;

      B.    Enter judgment in favor of Plaintiff Christine Ervin, and against Experian, Equifax, and TransUnion for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

      C.    Or, in the alternative, enter judgment in favor of Plaintiff Christine Ervin, and against Experian, Equifax, and TransUnion, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

      D.    Grant other such further relief as deemed just and proper.

### Count VI: Violation Of 15 U.S.C. § 1681s-2(B) of the FCRA- Duties of Furnishers of Information upon Notice of Dispute

119. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

120. Defendants Experian, Equifax, and TransUnion violated 15 U.S.C. § 1681s-2(b) by continuing to report the SOC, CRM, USCB, JCS, LVNV and IC representation within Plaintiff's credit file with Experian, Equifax, and TransUnion without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the SOC, CRM, USCB, JCS, LVNV and IC representation; by failing to review all relevant information regarding same; by failing to accurately respond to SOC, CRM, USCB, JCS, LVNV and IC; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the SOC, CRM, USCB, JCS, LVNV and IC representations to the consumer reporting agencies.

121. As a result of this conduct, action and inaction of SOC, CRM, USCB, JCS, LVNV and IC, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

122. Defendants SOC's, CRM's USCB's, JCS', LVNV's and IC's conduct, action and inaction were willful, rendering it liable for actual or statutory, and punitive damages in an amount to

be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

123. Plaintiff is entitled to recover costs and attorney's fees from SOC, CRM, USCB, JCS, LVNV and IC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Christine Ervin, Prays that this Court:

A. Declare that SOC's, CRM's USCB's, JCS', LVNV's and IC's credit reporting actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Christine Ervin, and against SOC, CRM, USCB, JCS, LVNV and IC for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. Or, in the alternative, enter judgment in favor of Plaintiff Christine Ervin, and against SOC, CRM, USCB, JCS, LVNV and IC, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D. Grant other such further relief as deemed just and proper.

## JURY DEMAND

124. Plaintiff demands a trial by jury on all Counts so triable.

Dated: December 1, 2023

        Respectfully Submitted,

        **HALVORSEN KLOTE**

By:   /s/ Joel S. Halvorsen

        Joel S. Halvorsen, #67032
        680 Craig Road, Suite 104
        St. Louis, MO 63141
        P: (314) 451-1314
        F: (314) 787-4323
        joel@hklawstl.com